Slip Op. 17-53

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CS WIND VIETNAM CO., LTD., and CS WIND CORPORATION,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>WIND TOWER TRADE COALITION,<br><br>      Defendant-Intervenor. | Before: Jane A. Restani, Judge<br><br>Court No. 13-00102 |

## OPINION

[Motion for an injunction of liquidation granted in part.]

Dated: April 28, 2017

  Bruce M. Mitchell, Ned H. Marshak, Andrew B. Schroth, and Dharmendra N. Choudhary, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP, of New York, NY, for plaintiffs.

  Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the defendant. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Emily R. Beline, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

  Alan H. Price, Daniel B. Pickard, Robert E. DeFrancesco, III, and Derick G. Holt, Wiley Rein, LLP, of Washington, DC, for defendant-intervenor.

  Restani, Judge: This matter is before the court on plaintiffs CS Wind Vietnam Co., Ltd. and CS Wind Corporation (collectively "CS Wind")'s "Consent Motion for Preliminary

Injunction," ECF No. 121 ("Mot. for Prelim. Inj.").[1]  The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  For the following reasons, the court grants the injunction of liquidation.

## BACKGROUND

CS Wind is a producer and exporter of utility scale wind towers from Vietnam.  Such merchandise is subject to an antidumping ("AD") duty order.  See Utility Scale Wind Towers from the Socialist Republic of Vietnam:  Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order, 78 Fed. Reg. 11,150, 11,150 (Dep't Commerce Feb. 15, 2013) ("AD Order"); Utility Scale Wind Towers from the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value, 77 Fed. Reg. 75,984 (Dep't Commerce Dec. 26, 2012) ("Final Determination").  CS Wind challenged this Final Determination for the investigatory stage of the proceedings in CS Wind Vietnam Co. v. United States, 971 F. Supp. 2d 1271, 1275 (CIT 2014).  Following multiple remands and appeal to the Court of Appeals for the Federal Circuit ("Federal Circuit"), CS Wind Vietnam Co. v. United States, 832 F.3d 1367 (Fed. Cir. 2016), the U.S. Department of Commerce ("Commerce") concluded that the estimated AD duty margin on CS Wind's towers was now 0.00 percent.  Final Results of [Third] Redetermination Pursuant to Ct. Order 20, ECF No. 104-1 ("Post-Appeal Remand Results").  After the Post-Appeal Remand Results and prior to the court's decision on those results, CS Wind moved for an injunction suspending liquidation of unliquidated subject merchandise entered on or after February 13, 2013, until this matter is finally resolved, including all appeals.  Mot. for Prelim. Inj. at 1.  The court sustained the Post-Appeal Remand Results in CS Wind

---

[1] Although CS Wind entitled its motion a "Consent Motion," the government opposes the motion.  See Def.'s Resp. in Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 124 ("Gov't Resp.").  Defendant-intervenor the Wind Tower Trade Coalition ("WTTC") takes no position on the motion.  Mot. for Prelim. Inj. at 12.

Vietnam Co. v. United States, Slip Op. 17-26, 2017 WL 1032646, at *1 (CIT Mar. 16, 2017) ("CS Wind V"), essentially resulting in CS Wind eventually being excluded from coverage by the AD duty order. Defendant-intervenor the Wind Tower Trade Coalition ("WTTC") appealed the court's latest decision to the Federal Circuit. Notice of Appeal, ECF No. 126.

In its motion, CS Wind argues that entries of subject merchandise made during the first and fourth periods of review may be liquidated prior to the resolution of this case,[2] and that there is a possibility that the final review rates may be other than zero. Mot. for Prelim. Inj. at 4, 6. CS Wind contends that such liquidation would cause irreparable injury, that the government will not suffer material harm from any delay in liquidation, that CS Wind is likely to succeed on the merits because Commerce found a weighted-average dumping margin of 0.00 percent in the Post-Appeal Remand Results, and that the public interest would be best served by granting the injunction. Id. at 7–11. In addition, CS Wind contends that "good cause" exists for its "untimely" motion because no reason existed for seeking an injunction of liquidation at the time the U.S. Court of International Trade Rule 56.2(a) 30-day deadline ran. Id. at 2–3. The government responds that any potential harm is not "immediate" because all of CS Wind's unliquidated entries are either enjoined or administratively suspended from liquidation, and are currently subject to a 0.00 percent AD duty rate or duty deposit rate as a result of the first

---

[2] The second and third periodic reviews were rescinded. See Utility Scale Wind Towers from the Socialist Republic of Vietnam: Notice of Rescission of Antidumping Duty Administrative Review; 2015–2016, 81 Fed. Reg. 72,776, 72,776 (Dep't Commerce Oct. 21, 2016); Utility Scale Wind Towers from the Socialist Republic of Vietnam Notice of Rescission of Antidumping Duty Administrative Review; 2014–2015, 80 Fed. Reg. 60,880, 60,880 (Dep't Commerce Oct. 8, 2015). CS Wind retained a zero duty rate from the first administrative review. Utility Scale Wind Towers from the Socialist Republic [sic] Vietnam: Final Results of Antidumping Duty Administrative Review; 2013–2014, 80 Fed. Reg. 55,333, 55,334 (Dep't Commerce Sept. 15, 2015). Thus, as far as an exact rate of duty is involved, for the purpose of collecting cash deposits, this action is moot. It continues for the purpose of CS Wind's inclusion or exclusion from the AD order.

administrative review.  Def.'s Resp. in Opp'n to Pls.' Mot. for Prelim. Inj. 1, 4–5, 7–10, ECF No. 124 ("Gov't Resp.").  The government further argues that the other factors do not support an injunction.  Id. at 10–11.  Lastly, the government contends that "good cause" does not exist for the court to consider CS Wind's "untimely" motion.  Id. at 6–7.

**DISCUSSION**

Normally, injunction prior to the conclusion of litigation is extraordinary relief, which may be awarded when the movant establishes:  "(1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the [movant]."  Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983); see FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993).  No one factor is dispositive and the court typically applies a "sliding scale" approach to this determination, whereby the "weakness of the showing regarding one factor may be overborne by the strength of the others."  See Ugine & ALZ Belg. v. United States, 452 F.3d 1289, 1292–93 (Fed. Cir. 2006) (first quoting Corus Grp. PLC v. Bush, 26 CIT 937, 942, 217 F. Supp. 2d 1347, 1353 (2002); then quoting FMC Corp., 3 F.3d at 427).[3]

As a preliminary matter, this is not the usual statutory injunction case.  CS Wind has already succeeded on the merits before this court and few arguments that plausibly could be

---

[3] "Good cause" exists for the seeking of this injunction even though more than 30 days have passed since CS Wind filed its complaint, on April 9, 2013.  See Compl., ECF No. 9.  At that time, liquidation was suspended because, until the proceedings for the first administrative review were completed, liquidation would not occur.  19 U.S.C. § 1673e(a)–(b).  In addition, the circumstances giving rise to CS Wind seeking this injunction—Commerce adjusting CS Wind's rate in the Final Determination from a positive margin to 0.00 percent—did not occur until December 9, 2016.  Post-Appeal Remand Results at 20.

made on appeal to the Federal Circuit remain. See CS Wind V, 2017 WL 1032646, at *4–8. There are no public interest issues that are not coextensive with the other factors. There are no balance of hardship issues because the government does not allege that any harm would be caused by the injunction and the WTTC's indifference evidences its view that no harm would befall it.

That leaves the issue of whether irreparable harm will occur in the absence of the injunction sought. The government agrees that once entries are liquidated the court, cannot in the normal course, compel changes to AD duties and effective judicial review may be foreclosed. See Zenith Radio Corp., 710 F.2d at 810; Gov't Resp. at 4. Instead, it argues that any threat of irreparable harm to CS Wind is not "immediate" because unliquidated entries are either currently enjoined or suspended from liquidation,[4] and the cash deposit rate on unliquidated entries is 0.00 percent. Accordingly, the issue is whether CS Wind is already protected from the irreparable harm of premature liquidation.

As well-summarized by the late Judge Donald Pogue in Snap-on, Inc. v. United States, 949 F. Supp. 2d 1346, 1352 (CIT 2013), the statutory scheme works as follows:

> In general, when a dumping margin established in a CVD [or AD] investigation or review is challenged in this court, a preliminary injunction is entered suspending

---

[4] Liquidation of entries during the first period of review were first administratively suspended pursuant to Commerce's instructions, AD Order, 78 Fed. Reg. at 11,152, and then enjoined by the court on October 9, 2015, pending resolution of challenges to the first administrative review. Order, Wind Tower Trade Coal. v. United States, Ct. No. 15-00276 (Oct. 19, 2015), ECF No. 14. Resolution of that case remains ongoing. CS Wind and the WTTC both filed requests for review of CS Wind's entries made during the period covered by the fourth review. Utility Scale Wind Towers from the Socialist Republic of Vietnam: Req. for Administrative Review at 2, A-552-814, POR 02/01/16–01/31/17, (Feb. 28, 2017) (ACCESS bar code 3547324-01) (WTTC); Req. for Administrative Review: Utility Scale Wind Towers from the Socialist Republic of Vietnam at 1, A-552-814, POR 02/01/16–01/31/17, (Feb. 28, 2017) (ACCESS bar code 3546989-01) (CS Wind). The government avers that because an administrative review is pending entries made during the fourth period of review, February 1, 2016, to January 1, 2017, are suspended and will liquidate at the zero rate if review is rescinded.

> liquidation of entries subject to the challenged margin. See 19 U.S.C. § 1516a(c)(2); SKF USA Inc. v. United States, 28 C.I.T. 170, 316 F. Supp. 2d 1322 (2004). If litigation results in court approval of a revised rate, all entries for which liquidation was suspended pursuant to court order and section 1516a(c)(2), and all entries that occur after publication of notice of the court decision in the Federal Register, are subject to liquidation at the revised rate. See 19 U.S.C. § 1516a(e). The same is not true, however, for other entries prior to notice of the court decision. Rather, the statute specifically provides that "[u]nless liquidation is enjoined by the court under [§ 1516a(c)(2) ] entries of merchandise . . . shall be liquidated in accordance with the determination of [Commerce], if they are entered . . . on or before the date of publication in the Federal Register by [Commerce] of a notice of a decision of the [CIT] . . . not in harmony with that determination." 19 U.S.C. § 1516a(c)(1).

(internal footnotes omitted) (second through sixth alterations in original).

Here, two Timken[5] notices, to which Judge Pogue refers, were issued—one prior to the first appeal to the Federal Circuit, Utility Scale Wind Towers from the Socialist Republic of Vietnam: Notice of Court Decision Not in Harmony with the Final Determination of Less Than Fair Value Investigation and Notice of Amended Final Determination of Investigation, 80 Fed. Reg. 30,211, 20,211 (Dep't Commerce May 27, 2015), and one after this court's last decision, Utility Scale Wind Towers from the Socialist Republic of Vietnam: Notice of Court Decision Not in Harmony with the Final Determination of Less Than Fair Value Investigation and Notice of Amended Final Determination of Investigation, 82 Fed. Reg. 15,493, 15,494 (Dep't Commerce Mar. 29, 2017). Thus, liquidation is suspended until the completion of this action, including all appeals. If plaintiff maintains a zero rate in the investigatory stage, it will be excluded from the AD order and all of its entries suspended after the first Timken order should be liquidated at zero.

---

[5] Timken Co. v. United States, 893 F.2d 337, 341 (Fed. Cir. 1990) (holding that, under § 1516a(e), Commerce must publish notice of a court decision that is "not in harmony" with the agency's determination and must suspend liquidation of subsequent entries pending a "conclusive" court decision).

That leaves the one entry made before the first <u>Timken</u> notice.  As indicated, liquidation of that entry was suspended and enjoined by an order of the court on October 19, 2015.  See Order, <u>Wind Tower Trade Coal. v. United States</u>, Ct. No 15-00276 (Oct. 19, 2015), ECF No. 14.  There remains an issue, however, as to whether that entry could be liquidated at other than zero despite the result of this litigation.  A zero rate was set in the first administrative review but, as noted, that rate has been judicially challenged.  Furthermore, both 19 U.S.C. § 1516a(c) and (e) and also the court injunction require liquidation, when it is permitted, only in accordance with the outcome of that litigation.  So, what happens if that litigation results in a positive margin and this litigation results in exclusion?  Or, what happens if the litigation as to the first review ends first and with a positive margin?

As to the first question, Judge Pogue has answered it:

> Thus, the court has consistently held that when a party secures a right to a revised rate through judicial review, all unliquidated entries of that party which are subject to the revised rate must be liquidated at that rate regardless of whether entry occurred before or after judicial review.  Furthermore, as noted above, a determination that is found to be contrary to law cannot be the basis of a duty assessment with respect to the prevailing litigant

<u>Snap-on</u>, 949 F. Supp. 2d at 1353–54.  The court does not know if Commerce considers itself bound by this view of the law and will proceed accordingly.  As to the second, the court does not know what will transpire if the first review litigation ends before the instant litigation.

Thus, given the lack of harm to anyone but CS Wind and the uncertainty of harm to it, the court will grant an injunction covering the first entry.  If the government agrees that the court's

understanding that the first <u>Timken</u> notice fully protects CS Wind as to the fourth review period and thereafter, an open ended injunction is not needed.[6]

Accordingly, the court will issue the limited injunction if the government gives the requested assurance or the government may decide to consent to the broader injunction. The latter action is likely what it should have done from the outset, given the lack of harm.

## CONCLUSION

For the foregoing reasons, the court (1) grants CS Wind's motion for an injunction of liquidation in part; and (2) orders that by May 5, 2017, the government shall advise the court of its view of the effect of the first <u>Timken</u> notice and, relatedly, on whether it now consents to the injunction proposed by CS Wind. The court will then issue an appropriate injunction.

                                                                                  /s/ Jane A. Restani
                                                                                      Jane A. Restani
                                                                                            Judge

Dated: April 28, 2017
       New York, New York

---

[6] The government did not brief the effect of the first <u>Timken</u> notice. If the fourth review period entries are not protected, failure here to grant an injunction covering them may encourage litigation just to obtain an injunction for that review period.